IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Levolor, Inc., | C.A. No. 6:22-cv-3599-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Rowley Company LLC, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Amended Pleading and Motion for Reconsideration. ECF No. 26. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 29, 30. For the reasons set forth below, the Motions are denied.

## BACKGROUND

The Motion to Dismiss concerns the filing deadline associated with Plaintiff's Amended Complaint. ECF No. 26 at 1. On May 16, 2023, this Court ordered Plaintiff to file an Amended Complaint on or before May 30, 2023. ECF No. 18 at 12. On June 6, 2023, Plaintiff filed its Amended Complaint. ECF No. 24. On June 7, 2023, Defendant filed a Motion to Dismiss Amended Pleading.[1] ECF No. 26. Plaintiff filed its Response in Opposition on June 21, 2023, and on June 28, 2023, Defendant filed its Reply. ECF Nos. 29, 30. Accordingly, this matter is ripe for review.

## APPLICABLE LAW

---

[1] On June 30, 2022, Defendant filed a Motion to Dismiss, or in the Alternative to Transfer, and to Strike Pleadings, and the Court denied the Motion on May 16, 2023. ECF Nos. 9, 18.

*Motion to Dismiss – Federal Rule of Civil Procedure 41(b)*

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action of any claim against it." "Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

> In reviewing such a dismissal, [the court] must ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal.

*Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)).

*Motion for Reconsideration*

Any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Fourth Circuit has held that that motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [Fourth Circuit's] views on the interplay of Rules 60, 59, and Rule 54"). In deciding these motions, district courts have looked to the standards of motions under Rule 59 for guidance. "Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in

2

controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."[2]  *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

A motion to reconsider an interlocutory order is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with the outcome.  *See Ashmore v. Williams*, C.A. No. 8:15-cv-03633-JMC, 2017 WL 24255, at *3 (D.S.C. Jan. 3, 2017); *Sanders v. Wal-Mart Stores E.*, No. 1:14-cv-03509-JMC, 2016

---

[2] Courts in this district have recognized that:

> The Fourth Circuit has suggested that the law of the case doctrine has evolved as a means of guiding a district court's discretion in deciding a Rule 54(b) motion for reconsideration of an interlocutory order. *Am. Canoe Ass'n*, 326 F.3d at 515. Under the law of the case doctrine, an earlier decision of the court becomes the law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted), *cited with approval in Am. Canoe Ass'n*, 326 F.3d at 515. This court notes that the three reasons for overcoming the law of the case doctrine mirror the three reasons for granting relief under Rule 59(e). *See United States v. Duke Energy Corp.*, No. 1:00cv1262, 2014 WL 4659479, at *3 n.4 (M.D.N.C. Sept. 17, 2014).

*South Carolina v. United States*, 232 F. Supp 3d at 793.  The Fourth Circuit has clarified that "[t]his standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and citation omitted).

3

WL 6068021, at *3 (D.S.C. Oct. 17, 2016).  Nor may a movant raise new arguments or evidence that could have been raised previously.  See *Nationwide Mut. Fire Ins. Co. v. Superior Solution, LLC*, No. 2:16-cv-423-PMD, 2016 WL 6648705, at *2 (D.S.C. Nov. 10, 2016); *Regan v. City of Charleston*, 40 F.Supp.3d 698, 701 (D.S.C. 2014).  In assessing a motion under Rule 54(b), these standards are not as strictly applied as they would be if the order were a final judgment and reconsideration were sought under Rule 59(e).  *Am. Canoe Ass'n*, 326 F.3d at 514–15.

## ANALYSIS

**I.     Motion to Dismiss – Federal Rule of Civil Procedure 41(b)**

Defendant contends that the Court should strike Plaintiff's Amended Complaint as untimely, or in the alternative, dismiss the Amended Complaint under Federal Rule of Civil Procedure Rule 41(b).  ECF No. 26 at 2.  Defendant contends that Plaintiff has neither acknowledged the delay in filing the Amended Complaint nor provided an explanation.  *Id.* at 3.  Defendant argues that Plaintiff reasserts claims from the dismissed Georgia Complaint[3] in the Amended Complaint, *id.*, and given that Plaintiff initially filed its Complaint on May 26, 2022, ECF No. 1, the length of the present litigation "is especially protracted considering Defendant's self-imposed pause of trademark use pending the resolution of the issues[,]"  ECF No. 26 at 3.  Further, Defendant contends that Plaintiff failed to initiate a Federal Rule of Civil Procedure 26(f) conference and that Plaintiff's

---

[3] In the Court's Order filed on May 16, 2023, the Court directed Plaintiff "to file an amended complaint *or* inform the court of any basis for it to entertain [Plaintiff's] Georgia state law causes of action."  ECF No. 18 at 12 (emphasis added).  On June 6, 2023, Plaintiff filed its Amended Complaint, which alleged causes of action for trade infringement and unfair competition under common law and violation of the South Carolina Unfair Trade Practices Act.  ECF No. 24 at 11–12.

4

delays prejudiced Defendant because the delays caused Defendant to be "unable to meet its own obligations surrounding discovery and pretrial issues." *Id.* at 4.  Defendant asserts that no less drastic sanction is warranted and that Defendant should be awarded attorneys' fees and costs.  *Id.* at 4–5.

In contrast, Plaintiff contends that the Court should neither strike the Amended Complaint as untimely nor dismiss it under Rule 41(b).  ECF No. 29 at 1.  Plaintiff contends that Defendant omitted pertinent facts in its Motion; specifically, Defendant allegedly omitted that (1) Plaintiff contacted the Court on June 6, 2023, about filing the Amended Complaint and filed the pleading on that same day, (2) the deadline for amending pleadings was July 31, 2023, pursuant to the Conference and Scheduling Order and (3) "the parties conducted their Rule 26(f) on June 19, 2023, prior to the Court's Pretrial Telephone Conference[.]"  *Id.* at 2.  Plaintiff contends that in assessing a motion pursuant to Rule 41(b), the Court should look at the party's involvement, not the attorney's behavior, and there is allegedly no indication in Defendant's Motion that Plaintiff—the party—ignored the Court's Orders.  *Id.* at 2–3.  Plaintiff argues that Defendant failed to identify any prejudice resulting from Plaintiff's delay because the length of the case cannot be attributed to Plaintiff as Defendant filed a Motion to Dismiss, and Defendant's decision to temporarily stop using one of the allegedly infringing trademarks is self-imposed.  *Id.* at 3–4.  To the extent Defendant claims prejudice resulting from Plaintiff's failure to initiate the Rule 26(f) conference, Plaintiff contends that the fact that the parties held the conference on June 19, 2023, moots Defendant's argument.  *Id.* at 4–5. Plaintiff contends that dismissal of the case is not warranted as a sanction and that the Court should not strike its Amended Complaint because Defendant failed to provide an independent basis

to strike the Amended Complaint. *Id.* at 5. Lastly, Plaintiff contends that the Court should not award attorneys' fees and costs to Defendant because Defendant failed to provide any legal authority supporting such a sanction. *Id.*

In response, Defendant contends that Plaintiff's argument that it timely filed its Amended Complaint pursuant to the July 31, 2023, deadline ignores the May 30, 2023, deadline imposed in the Court's Order. ECF Nos. 18 at 12; 30 at 1. Further, Defendant contends that Plaintiff did not confer with Defendant nor file a Motion for Extension of Time prior to May 30, 2023. ECF No. 30 at 1. Defendant argues that although Plaintiff completed the Rule 26(f) conference on June 19, 2023, the Court imposed a deadline to complete the conference by June 5, 2023, twelve days prior. *Id.*

Having reviewed the applicable law and the arguments and submissions of the parties, the Court denies Defendant's Motion to Dismiss Amended Pleading[4] pursuant to Rule 41(b). Under Rule 41(b), "where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances." *Reizakis*, 490 F.2d at 1135 (citing *Indus. Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970)). In addition, "lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion." *Id.* (citing *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir.

---

[4] The Court notes that Defendant requests the Court to either dismiss Plaintiff's Amended Complaint or strike Plaintiff's Amended Complaint as untimely. Under Federal Rule of Civil Procedure 12(f), a court, "either *sua sponte* or on timely motion of a party– may 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Bishop of Charleston v. Adams*, 584 F. Supp. 3d 131, 136 (4th Cir. 2022), *vacated and remanded on other grounds by Bishop of Charleston v. Adams*, C.A. No. 22-1175, 2023 WL 4363654, at *4 (4th Cir. July 6, 2023). The Court notes that neither party referenced Rule 12(f) in their pleadings. Accordingly, the Court will construe Defendant's Motion as a Motion to Dismiss.

1965)).

Here, Defendant failed to show that dismissal of the Amended Complaint is warranted pursuant to Rule 41(b).  No facts in Defendant's Motion or the responsive pleadings suggest that Plaintiff—the party—bears personal responsibility for counsel's failure to file the Amended Complaint by May 30, 2023.  *See* ECF No. 18.  While Defendant alleged prejudice from Plaintiff's delays, referencing the length of litigation and the pause on using the allegedly infringing trademark, ECF No. 26 at 3–4, Defendant has arguably contributed to the length, and the temporary pause is self-imposed.  Further, Plaintiff's delay in filing the Amended Complaint is a matter of days.  Neither has Defendant shown a history of Plaintiff deliberately proceeding in a dilatory manner.  Likewise, Defendant has failed to demonstrate any prejudice resulting from Plaintiff's late filing of the Amended Complaint.

In regard to a less drastic sanction, the Court reminds counsel for Plaintiff that deadlines set by this Court are not suggestions.  *See Choice v. ThyssenKrupp Indus. Servs., NA, Inc.*, C.A. No. 6:13-cv-479-TMC, 2015 WL 2364926, at *1 n.2 (D.S.C. May 18, 2015) (stating that "filing deadlines in federal court established by statute, rule, or order, are not suggestions but rather requirements imposed to promote the timely and orderly disposition of cases and management of the court's docket").  Any further failure to comply with deadlines imposed by this Court may indeed warrant sanctions up to and including striking filings.  With respect to Defendant's request to be awarded attorneys' fees and costs, Defendant failed to provide support for its position.  Accordingly, Defendant's Motion to Dismiss Amended Pleading is denied.

**II.     Motion for Reconsideration**

Defendant contends that the Court should reconsider its prior ruling and dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[5] ECF No. 26 at 5. Defendant contends that Plaintiff's Amended Complaint fails to sufficiently allege a factual basis for its trademark infringement and unfair competition claims against Defendant. *Id.* Defendant contends that Plaintiff's SCUTPA claim should be dismissed because such a claim requires a showing of harm, and Plaintiff failed to allege harm resulting from the alleged trademark infringement. *Id.* at 6.

In contrast, Plaintiff contends that Defendant failed to apply Rule 54(b) standards for a Motion for Reconsideration in its request and instead entirely relies on arguments made in its Motion to Dismiss filed on June 30, 2022. ECF No. 29 at 6. Plaintiff contends that (1) there has been no change in controlling law since the Court's denial of Defendant's first Motion to Dismiss, (2) there has been no new evidence presented, and (3) Defendant has not alleged any case for clear error or manifest injustice. *Id.* at 7.

Having reviewed the applicable law and the arguments and submissions of the parties, the Court denies Defendant's Motion for Reconsideration. Here, Defendant failed to articulate any applicable basis for the Court to reconsider its prior Order in its request. Defendant failed to allege a change in controlling law, the presentation of new evidence, or clear error or manifest injustice. As Plaintiff asserts in its Response, *see* ECF No. 29 at 6, Defendant entirely relies on grounds substantially similar to those previously asserted in its Motion to Dismiss, *see* ECF Nos. 9, 12, 26. Likewise, Defendant's Reply failed to address any factors the Court may consider in a Motion for Reconsideration

---

[5] The Court notes that Defendant argued for consideration pursuant to Rule 12(b)(6), not Federal Rule of Civil Procedure 54(b).

6:22-cv-03599-DCC     Date Filed 01/03/24    Entry Number 38     Page 9 of 9

under Rule 54(b).[6]  Accordingly, Defendant's Motion for Reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Amended Pleading and Motion for Reconsideration [26] are **DENIED**.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

January 3, 2024
Spartanburg, South Carolina

---

[6] Even under Rule 54(b)'s less stringent standard, Defendant fails to articulate a ground for reconsideration.  A party may not use Rule 54(b) to simply revisit arguments previously considered by the Court because the party is displeased with the outcome. *See Ashmore*, 2017 WL 24255, at *3.

9